# 3:CV 09-0054

## UNITED STATES DISTRICT COURT
## FOR THE ~~EASTERN~~ MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Daniel J. Shilinski<br>12 Evergreen Lake Dr.<br>Mountain Top, PA   18707<br><br>Plaintiff,<br><br>vs<br><br>EDWIN A. ABRAHAMSEN &<br>ASSOCIATES, P.C.<br>1729 Pittston Avenue<br>Scranton, PA 18505<br><br>EDWIN A. ABRAHAMSEN, ESQUIRE<br>Individual and Representative of<br>EDWIN A. ABRAHAMSEN &<br>ASSOCIATES, P.C.<br>1729 Pittston Avenue<br>Scranton, PA 18505<br><br>Heather Woodruff, Esquire<br>Individual and Representative of<br>EDWIN A. ABRAHAMSEN &<br>ASSOCIATES, P.C.<br>1729 Pittston Avenue<br>Scranton, PA 18505<br><br>Chris Collins<br>Individual and Representative of<br>EDWIN A. ABRAHAMSEN &<br>ASSOCIATES, P.C.<br>1729 Pittston Avenue<br>Scranton, PA 18505<br><br>JOHN DOE, ONE UP<br>Individual and Representative of<br>EDWIN A. ABRAHAMSEN &<br>ASSOCIATES, P.C.<br>1729 Pittston Avenue | CIVIL NO:<br><br>09-54<br><br>Fair Debt Collection Practices Act<br>Title 15 U.S. U.S.C. §1692 et seq.<br><br>Pennsylvania Fair Credit Extension<br>Uniformity   Act §2270.1 et seq.<br><br>FILED<br>SCRANTON<br>JAN 1 2 2009<br>PER<br>DEPUTY CLERK |

| | |
|---|---|
| Scranton, PA 18505 | : |
| | : |
| JANE DOE, ONE UP | : |
| Individual and Representative of | : |
| EDWIN A. ABRAHAMSEN & | : |
| ASSOCIATES, P.C. | : |
| 1729 Pittston Avenue | : |
| Scranton, PA 18505 | : |
| | : |
| Assets Acceptance LLC | : |
| 28405 Van Dyke Ave | : |
| Warren, MI 48093 | : |
| | : |
| Rion Needs, CEO | : |
| C/O Assets Acceptance LLC | : |
| 28405 Van Dyke Ave. | : |
| Warren, MI 48093 | : |
| | : |
| John and Jane Doe, ONE UP | : |
| Individually and Representatives of | : |
| Assets Acceptance LLC | : |
| 28405 Van Dyke Ave. | : |
| Warren, MI 48093 | : |
| | : |
| Defendants | : |

## COMPLAINT
## COUNT I

### I. INTRODUCTION

1.      This is an action for damages brought by individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* *(hereinafter "FDCPA"),* the Pennsylvania Fair Credit Extension Uniformity Act Pa. Stat. Ann. Tit. 73 § 2270.4 and § 2270.5 *(hereinafter, "state Act"),* all of which prohibit, at a minimum, debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. §1692k(d), 28 U.S.C § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C § 1367. Declaratory relief is available pursuant to 28 U.S.C § 2001 and 2202.

3. Venue lies in this District.

## III. PARTIES

4. Plaintiff, Daniel J. Shilinski is a natural person (individual) and consumer pursuant to 15 U.S.C. §1692a(3) and resides at 12 Evergreen Lake Dr.., Mountain Top, PA. 18707.

5. Defendant, EDWIN A. ABRAHAMSEN, & ASSOCIATES P.C., (hereinafter known as Law firm) is a "debt collector" and engaged in the business of colleting debts pursuant to 15 U.S.C. §1692a(6). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principle purposes of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. LAW FIRM, with their principle place of business located at 1729 Pittston Ave. Scranton, Pa. 18505.

6. Defendant, EDWIN A. ABRAHAMSEN, ESQUIRE/ is a natural person employed by EDWIN A. ABRAHAMSEN & ASSOCIATES, P.C., and is a natural person, as a "Debt Collector" as defined by FDCPA, 15 U.S.C. §1692a(6) and is not exempt under 15 U.S.C. §1692a(6)(A)-(F) and is personally liable for his actions under the above infractions in the introduction to this Complaint.

7. Defendant, HEATHER WOODRUFF, ESQUIRE is a natural person employed by the LAW FIRM and as a "Debt Collector" as defined by FDCPA, 15 U.S.C. §1692a(6) and is not exempt under 15 U.S.C. §1692a(6)(A)-(F) and is personally liable for her actions under the above infractions in the introduction to this Complaint.

8. Defendant, Chris Collins, is a natural person employed by the LAW FIRM and as a "Debt Collector" as defined by FDCPA, 15 U.S.C. §1692a(6) and is not exempt under 15 U.S.C. §1692a(6)(A)-(F) and is personally liable for his or her actions under the above infractions in the introduction to this Complaint.

9. Defendant John and Jane Doe, One Up are natural person(s) employed by the LAW FIRM and are "Debt Collector(s)" as defined by FDCPA, 15 U.S.C. §1692a(6) and is not exempt under 15 U.S.C. §1692a(6)(A)-(F) and are personally liable for their actions under the above infractions in the introduction to this Complaint.

10. Defendant, Assets Acceptance LLC, (hereinafter known as Law Firm and/or AC) is a "debt collector" and engaged in the business of colleting debts pursuant to 15 U.S.C. §1692a(6). Assets Acceptance LLC, is not exempt under Title 15 U.S.C. TITLE 15 §1692A(6)(F)(ii) and (iii). The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principle purposes of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Asset Collection LLC, with their principle place of business located at 28405 Van Dyke Ave. Warren MI 48093.

11. Defendant(s) John and Jane Doe, One Up are natural person(s) employed by the Asset Acceptance LLC (Hereinafter known as AC and/or Law Firm) and are "Debt

Collector(s)" as defined by FDCPA, 15 U.S.C. §1692a(6) and is not exempt under 15 U.S.C. §1692a(6)(A)-(F) and are personally liable for their actions under the above infractions in the introduction to this Complaint.

12. At all times pertinent hereto, the conduct of the defendants as well as its agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

13. Defendants, (hereinafter referred to collectively as LAW FIRM), as well as its agents, servants, and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law did not show this dispute in the credit bureaus under FDCPA.

(a) Defendant(s) Rion Needs, CEO, is a natural person(s) employed by the Asset Acceptance LLC (Hereinafter known as AC and/or Law Firm) and is a "Debt Collector(s)" as defined by FDCPA, 15 U.S.C. §1692a(6) and is not exempt under 15 U.S.C. §1692a(6)(A)-(F) and is personally liable for his actions under the above infractions in the introduction to this Complaint.

## IV.

## STATEMENTS OF FACTS

14. On/or about April 1, 2008, Assets Acceptance LLC sends to Plaintiff a threatening letter demanding settlement on an unsubstantiated claim for money.

15. Asset Acceptance LLC's letter is deceptive and confusing to the Plaintiff for the letter specifically references a credit card account with Washington Mutual and based upon

the Plaintiff's understanding, belief and information Plaintiff has never had a credit card account with Washington Mutual.

16. Asset Acceptance LLC used a contact person by the name of LASHONNA NORMAN JACK (letter dated 4-1-08) and based upon an inquiry by Plaintiff, this person is not referenced in their employee records.

17. Asset Acceptance claims that they have been retained by Asset Acceptance LLC to collect on an alleged debt owed to Washington Mutual.

18. In another paper submitted by Asset Acceptance they claim to have purchased the debt from Washington Mutual for a sufficient consideration and the alleged numbers do not match to any Washington Mutual alleged credit card.

19. The specific numbers given by Asset Acceptance LLC match a disputed alleged credit card account to Providian National Bank, in which Plaintiff has verified that he never had, used, or benefited from any credit card account with Providian Bank.

20. On/or about the beginning of May, of 2007, the disputed debt was placed with Credit Solutions of America for resolution and for disputing purposes.

21. Asset Acceptance LLC sent a demanding letter for settlement on/or about March 1, 2008, when it was apparent that Asset Acceptance LLC had possibly purchased a fraudulent non-existent disputed debt.

22. A second letter was sent by Asset Acceptance on/or about April 1, 2008, demanding a settlement offer be accepted by Plaintiff on an non-existent credit card with Washington Mutual.

23. A third letter was sent by the Law Firm of Edwin A. Abrahamsen & Associates, P.C. demanding that Payment was to be made out in full in the name of the law firm,

allowing Plaintiff to conclude that the law firm had purchased the debt or at least is in a business relationship directly with Asset Acceptance LLC.

24. Law Firm filed a law suit in Magisterial District Court 11-3-06 on/or about October 1, 2008.

25. Law Firm attended the hearing on/or about November 19, 2008 without producing any one representing the Plaintiff which violated the state and federal statutes mentioned in this FDCPA suit.

26. The Plaintiff raised the violation of Magisterial District Court Rule number 512 and the Judge had no other choice but to issue a continuance thus using this court as an abusive, harassing and deceptive method to intimidate Plaintiff into paying on an alleged credit card account.

27. The Defendant acted on/or about 10-1-08 and 11-19-08 in a deceitful, oppressive, false and misleading representation and used unfair and unconscionable means to try or to collect on an alleged debt that they cannot not substantiate.

28. On/or about November 19, 2008, Defendant Heather Woodruff attempts to examine Plaintiff Shilinski on the witness stand when Attorney Woodruff knows, should have known, that she has violated Magisterial District Court Rules, but Woodruff who was representing the Law Firm was actually taking orders in a respondeat superior relationship from Asset Acceptance LLC.

29. Attorney Woodruff scheduled another hearing, on/or about January 14, 2009, concerning the same case knowing that Plaintiff does not owe Washington Mutual or cannot prove any indebtedness to anyone.

30. Plaintiff is confused as to whom is the real party of interest, Providian, Washington Mutual, Asset Acceptance LLC, the debt collector, Law Firm or possibly the bank's trust accounts.

31. Law Firm is continuing to harass Plaintiff when it is very apparent that Defendant has no admissible evidence.

## FAIR DEBT COLLECTION ACT VIOLATIONS

## COUNT 1

32. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through thirty- one above.

33. Defendants violated 15 U.S.C. §1692e(2)(a) by the false representation of the character, amount, or legal status of any debt.

34. Defendants violated 1692e(2)(b) by the false representation of any service rendered or compensation, which may be lawfully received by any debt collector for the collection of a debt.

35. Defendants failure to produce any original documents has violated 15 U.S.C. §1692e(13) by representing to have original documentations when in fact has not produced any original documents.

36. Defendant AC is acting in a respondeat superior relationship and ordering, managing, dictating the actions of Edwin A. Abrahamsen & associates P.C. and Heather Woodruff in an attempt to extort money from Plaintiff when the Defendants know, should know, and intentionally ignores several dispute letters from Plaintiff whereby AC did not purchase this alleged debt in good faith and has violated PA. Title 13 C.S.

37. Defendants filed initial Complaint as a means to harass, oppress and abuse. 15 U.S.C. §1692d on/or about October 1, 2008.

38. Defendant has violated 15 U.S.C.§1692e(3) by a false representation or implication that the entire file has been thoroughly examined by an attorney and that all communications are from an attorney. If LAW FIRM examined the complete file they would have realized that this debt was in dispute almost two years before the hearing date of 11-19-08.

39. Defendants failed to have the Plaintiff appear in Court before Judge Ronald Swank on/or about November 19, 2008 and violated Magisterial District Rule 512 and has violated Title 15 U.S.C. §§1692e(2)(A), e(3), e(4), e(5), e(10), §1692d(1) and §1692f(1).

40. Defendants have violated §1692d(1), §1692e and Pa. Rules of Professional Conduct, Rule 1.8(3) HAS NOT PRODUCED ANY INFORMED CONSENT IN WRITING SIGNED BY THE CLIENT (Plaintiff) to prosecute this case.

## COUNT 11

41. Plaintiff repeats, re-alleges and incorporates by reference paragraphs thirty-two through-forty.

42. LAW FIRM has violated §1692(10) by filing a legal action on/or about 10-01-08 against Plaintiff, Daniel J. Shilinski,. LAW FIRM never had any intention of bringing any one from the Defendant's office but was planning on using the Plaintiff, himself, to give testimony against him without realizing the deception, deceitful tactics of the Law Firm. This action is clearly in violation of 15 U.S.C. §1692 d, e, f, g and i. Defendant was clearly using the Court system as a debt collector in a deceptive,

harassment, false or misleading representation and/or means in connection with the collection of an alleged debt.

43. LAW FIRM has violated §1692e(4), e(5) e(10) and f(1) and is clearly using the court in a threatening intimidating manner to extort money out of Plaintiff. LAW FIRM HAD NO INTENTIONS OF ATTENDING THE HEARING THAT THEY DEMANDED. This is a patterned behavior for LAW FIRM.

44. LAW FIRM by failing to produce the Plaintiff to attend their own hearing on 11-19-08 in front of Judge Swank their case was continued until Jan. 14, 2009 The law firm is in violation of 15 U.S.C.§1692d, §1692e, §1692f, 1692g, and §1692e.

45. Defendant Law Firm should have dismissed and/or filed a Motion for Continuance until the Plaintiff could attend thus violating §1692e(5) and §1692e(10).

46. The Defendants have violated the FDCPA. Defendants' violations of the FDCPA include, but are not limited to, the following: Title 15 U.S.C. §1692d(1), §1692 e, §1692f, §1692j, §1692i, §1692g and state mentioned law in the above captioned page.

47. The Defendants are for all purposes herein considered "debt collectors" pursuant to 15 U.S.C.§ 1692(6).

48. The Defendants do not fall under any of the exemptions considering one to be a "debt collector" and provided for under 15 U.S.C. §1692(A)-(F).

49. The Defendants violated 15 U.S.C.§ 1692e(8) by placing false or allowing false derogatory credit information to damage and cause irreparable harm and to properly report this alleged credit card debt as disputed under §1692e(8).

50. Defendant Law Firm has failed to comply with §1692e(3) or else they would not have allowed incorrect information to appear on Plaintiff's Credit Report.

51. The Defendants violated 15 U.S.C.§ 1692i in that they have no legal standing to bring this action.

52. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for damages that Defendant's conduct violated the FDCPA, and Plaintiff' actual damages, statutory damages and cost.

## COUNT 111

53. Plaintiff repeats, re-alleges and incorporates by reference paragraphs forty two through fifty two above.

54. The Defendants have violated the state Act. Defendants' violations of the state Act include, but are not limited to, the following:

55. The Defendant's violated 73 P.S. §2270.4(4) by threatening legal action without any signed contract.

56. The Defendants violated 73 P.S. §2270.4(5)(ii) by falsely representing, by the subsequent mailing to Plaintiff correspondence, that the alleged debt was not in dispute by demanding payment on an unverified debt.

57. The Defendants violated 73 P.S. §2270.4(5)(viii) by knowingly reporting false and inaccurate information to the credit bureaus about Plaintiff including the failure to communicate that the debt was disputed.

58. Defendants' acts as described above were done intentionally with the purpose of coercing and harassing Plaintiff into paying the alleged debt in violation of 73 P.S.. §2270.4(5)(viii).

59. As a result of the above violations of the state Act, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants conduct violated the state Act, and Plaintiff's actual damages, statutory damages and costs.

60. As a direct and proximate result of the above violations made by Defendants, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, punitive damages, costs and fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Edwin A. Abrahamsen & Associates, P.C. and Assets Acceptance LLC and all other mentioned and not mentioned for the following:

(a) That an order be entered declaring that the Defendants' actions as described above are in violation of the FDCPA;

(b) That an order be entered enjoining Defendants from continuing to communicate with plaintiff in violation of the FDCPA;

(c) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1692k (a) (1);

(d) That judgment be entered against Defendants for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court awards costs and reasonable attorney's fees (when and if applicable) pursuant to U.S.C. §1692k(a)(3);

(f) That the Court grants such other and further relief as may be just and proper.

(g) That the Court awards up to $1,000.00 per violation.

(h) That Plaintiff be allowed to amend the current Complaint and name additional Defendants after discovery and/or disposition are complete.

(i) Plaintiff states a valid claim for relief under the Fair Debt Collection Practices Act (FDCPA) when Plaintiff states that a Edwin A. Abrahamsen & Associates, P.C. and Asset Acceptance LLC has made false, misleading, abusive, harassing, oppressive and false representations as to the legal status, character and amount of a debt in connection with the sale, transfer, or assignment of the alleged debt to a debt collector, with knowledge that the purchaser, transferee, or assignee intends to initiate or continue to collect the alleged (disputed) debt.

Respectfully submitted;

*Daniel J. Shilinski*

Daniel J. Shilinski, Defendant Pro Se

```
Court Name: Pennsylvania Middle
Division: 3
Receipt Number: 333068639
Cashier ID: gangeli
Transaction Date: 01/12/2009
Payer Name: DIANNE ELL

CIVIL FILING FEE
  For: DIANNE ELL
  Case/Party: D-PAM-3-09-CV-000054-001
  Amount:         $350.00

CHECK
  Check/Money Order Num: 1412
  Amt Tendered:   $350.00

Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00


Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $45.00 fee will be
charged for returned checks.
```